UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

EARLENE ANDERSON,

    Plaintiff,

v.                                                         05-3295

SANGAMON COUNTY JAIL,
SANGAMON COUNTY SHERIFF,

    Defendants.

## Order

    The plaintiff is currently incarcerated in the Federal Correctional Institution in Tallahassee, Florida. Before her transfer to Florida, she was incarcerated in the Sangamon County Jail as a federal inmate.

    In March, 2005, while incarcerated in the Sangamon County Jail as a federal inmate, the plaintiff purchased $46.43 of goods from the commissary. She was transferred before her purchases were delivered to her. She never received her money back, nor the goods she purchased. She asks for reimbursement.

    The plaintiff initially filed an administrative tort claim under the Federal Tort Claims Act. The claim was denied because, though the plaintiff was a federal inmate, the United States Marshals does not control the Jail's operations and is therefore not responsible for the conduct of Jail officials. *Logue v. U.S.*, 412 U.S. 521 (1973)("In view of fact that deputy United States marshal had no authority to control activities of county sheriff's employees, such employees were employees of a 'contractor with the United States', and not employees of a federal agency, within meaning of Federal Tort Claims Act).

    The denial of the plaintiff's FTCA administrative claim states, "[I]f you are dissatisfied with our determination, you may file suit within the appropriate U.S. District Court, . . ." (Complaint, p. 19). However, that does not mean the plaintiff states a claim that can proceed in a U.S. District Court. The District Court is required by 28 U.S.C. §1915A to conduct a merit review of the plaintiff's complaint, and to dismiss it if it fails to state a claim under federal law.

    The plaintiff does not state a claim for relief under federal law for the loss of her money, and therefore her Complaint must be dismissed. As stated above, the Jail staff are not federal employees, so there is no claim under the FTCA. Constitutional violations by state actors are

redressable under 42 U.S.C. Section 1983, but negligent acts are not constitutional violations. The plaintiff appears to allege the *negligent* deprivation of her property–that does not state a claim under the U.S. Constitution. *Daniels v. Williams*, 474 U.S. 327, 328 (1986)("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.")(emphasis in original)(injuries sustained from fall on pillow negligently left on stairs by deputy sheriff not actionable under Section 1983).

Even if the plaintiff is saying that the defendants *intentionally* took her money, or that their record-keeping procedures are so inadequate as to amount to an intentional taking, she does not state a claim under the U.S. Constitution. An state actor's intentional deprivation of an inmate's property does not violate the Constitution if the state provides its own legal remedies. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); s*ee also Parratt v. Taylor*, 451 US 527 (1981), *overruled on other grounds*. In Illinois, local government employees are not immune for "willful and wanton behavior," which is defined as an "utter indifference to or conscious disregard for the safety of others *or their property*." 745 ILCS 10/1-210 (emphasis added). Thus, the plaintiff has state remedies for the intentional deprivation of her property and does not state a claim under federal law.

IT IS THEREFORE ORDERED that the plaintiff's Complaint is dismissed for failure to state a federal claim pursuant to 28 U.S.C. 1915A and Fed. R. Civ. P. 12(b)(6). The merit review conference scheduled for December 20, 2005, is cancelled as unnecessary. All pending motions are denied as moot (d/e 1), and this case is terminated.

Entered this 7th Day of December, 2005.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE